**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30182 |
| Plaintiff - Appellee, | DC No. CR 10-0322 TSZ |
| v. | |
| JAMES DAVID ALLEN, II, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Argued and Submitted July 7, 2014
Seattle, Washington

Before:    KLEINFELD, TASHIMA, and MURGUIA, Circuit Judges.

Appellant James David Allen appeals the district court's denial of his motion

to suppress evidence seized during a warrant-supported search of his home.  He

argues that police officers intentionally or recklessly omitted from the warrant

affidavit information that would have negated probable cause.  *See Franks v.*

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

*Delaware*, 438 U.S. 154 (1978). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The district court did not clearly err in finding that the investigating officers did not intentionally or recklessly omit the challenged facts from the warrant affidavit. The district court heard testimony from the investigating officers at two *Franks* hearings. The district court credited the officers' testimony, and those credibility findings were not clearly erroneous. *See Anderson v. Bessemer City*, 470 U.S. 564, 575 (1985) ("[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error.").

**2.** We further conclude that the omitted information was not material to probable cause. First, information that Jessikah Ramsey had an outstanding warrant, in addition to an outstanding charge for making a false statement, would not have undermined probable cause because the outstanding warrant was cumulative evidence of Ramsey's credibility. Second, that Ramsey's false statement charge was about Allen would not have changed the probable cause determination because the affidavit included the false statement charge, and the

2

additional details about the charge would not have materially changed the impact on Ramsey's credibility. Third, the neighbors' statements that they had not heard gunshots that day would not have undermined probable cause because the warrant affidavit did not rely on Allen having fired a firearm that day. Finally, information about Ramsey's backpack would not have undermined probable cause because the affidavit already indicated that Ramsey had a felony methamphetamine possession conviction and that Ramsey had used methamphetamine with Allen the day before. Accordingly, none of the challenged, omitted facts was material.

The judgment of the district court is **AFFIRMED.**